**AMITUANAI of Nua, Plaintiff**

**v.**

**MASEFAU of Leone, Defendant**

No. 59-1948

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Sauitufuga" of Nua]

February 11, 1948

---

ARTHUR A. MORROW, *Chief Justice;* LIUFAU, *District Judge;* and MALEPEAI, *District Judge.*

DECISION

Heard at Fagatogo 9 February 1948.

MORROW, *Chief Justice.*

This case involves the right to the matai name Sauitufuga of the village of Nua. Masefau filed his application with the Registrar of Titles to be registered as the holder of the name on September 16, 1947. Amituanai filed his objection to such proposed registration on October 6, 1947 and became a candidate for the name himself.

The evidence showed each of the candidates to be a full-blooded Samoan, to have been born in American Samoa, to have lived in American Samoa all of his life, to live with Samoans as a Samoan and to be a descendant of a Samoan family. Consequently each candidate is eligible to succeed to a matai title. Section 936, American Samoan Code.

Section 933 of the Code provides that:

"In the trial of Matai name cases, the High Court shall be guided by the following in the priority listed:

1. The wish of the majority or plurality of the family.

2. The forcefulness, character, personality and capacity for leadership of the candidate.

3. The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail.

4. The value of the holder of the Matai name to the Government of American Samoa."

Each candidate filed a petition signed by the members of the family supporting his candidacy. There were 59 signers on Masefau's petition and 16 on Amituanai's. Neither candidate made any objection to any of the signers on the other's petition. There are 6 signers on Masefau's petition giving their ages as 10 years or under. There are 2 such signers on Amituanai's petition. We do not think that children so young can have an intelligent wish as to who shall

be their matai. In other cases of this kind the court has refused to consider the names of such young children in determining the wish of the majority or plurality of the family. We do not believe that they should be considered in this case. Excluding them, there are 51 members of the family on Masefau's petition and 14 on Amituanai's. It is apparent that Masefau prevails over Amituanai on the issue of the "wish of the majority or plurality of the family."

Masefau works at the ice plant operated by the Public Works Department and receives a salary of $80.00 per month. He has held his job for 11½ years. He is a skilled electrician and can operate an electric power plant. He has some plantations and sells his surplus produce for which he gets $50.00 to $100.00 per year. Masefau completed the 9th grade in school.

Amituanai has been employed by the Public Works Department for 10 years. At present he is a member of a road gang with a salary of $64.00 per month. He sells nothing from his plantations. He completed the 5th grade in school.

In view of the foregoing facts and from our observation of the two candidates at the hearing we have reached the conclusion that Masefau prevails over Amituanai on the issue of "forcefulness, character, personality and capacity for leadership."

Amituanai stated on the stand that he was "not related by blood to any former holder of the name Sauitufuga." Masefau is the gread [sic] grandson of Sauitufuga Tavita, the first holder of the name. He is also related by blood to Sauitufuga Fiu and Sauitufuga Ene. It is apparent that Masefau prevails over Amituanai on the issue of hereditary right, since the latter has no connection by blood with any former holder of the name.

The value of a matai to the Government depends largely upon the manner in which he handles the affairs of his

family, and that in turn depends in considerable measure upon his personality and capacity for leadership. In view of our finding that Masefau prevails over Amituanai on the issue of "forcefulness, character, personality and capacity for leadership" we conclude that as the matai of the Sauitufuga family he will be of more value to the Government than Amituanai and that he prevails over the latter on this issue also.

Applying Section 933 of the Code to our findings in this case, it follows that Masefau should be registered as the holder of the name Sauitufuga of Nua.

The Registrar of Titles will be advised to register Masefau as the Sauitufuga of Nua.

Costs in the amount of $12.50 are hereby assessed against Amituanai, the same to be paid in 30 days.